# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                                            **Case No. 05-4127-SAC**

**CARLA J. KENNEDY,**

      **Defendant.**

## ORDER

This matter comes before the court upon Interested Party Sunflower Investments, LLC's Motion for Delivery of Marshall's Deed and Memorandum in Support (Doc. 20) and Interested Parties Carl and Barbara Lewis' Motions for Delivery of Marshall's Deed (Docs. 23 & 24).

**I. Procedural and Factual History.**

The Unites States, as plaintiff, initiated a foreclosure action against defendant Carla J. Kennedy on October 31, 2005.[1] In the complaint, plaintiff demanded that the "real estate be sold at public sale . . . subject to a redemption period not to exceed three (3) months . . . ."[2] The sale of the property occurred May 19, 2006.[3] A notice of Assignment of Redemption Rights was filed with the court on May 30, 2006.[4] In its order distributing the sale of the property's proceeds, the court affirmed defendant's three month redemption period and noted that "[s]aid

---

[1] *See* Complaint (Doc. 1).

[2] *Id.* at p. 3.

[3] *See* Order granting Motion for Disbursement of Sale Proceeds and Establishing Amount of Deficiency Judgment (Doc. 18), at p. 1.

[4] *See* Notice of Assignment (Doc. 12).

redemption rights were assigned by defendant Carla J. Kennedy to Carl L. Lewis and Barbara A. Lewis as evidenced by the Assignment of Redemption Rights filed on May 30, 2006."[5] As the redemption period began to run from the date of sale,[6] the three month redemption period in the present case ended on August 19, 2006.

On August 28, 2006, Interested Party Sunflower Investments, LLC ["Sunflower"] filed a Motion for Delivery of Marshall's Deed and Memorandum in Support (Doc. 20).  On August 31, 2006, the court received payment from "Tucker and Markam in the amount of $325.35 for interest amount."[7]  On September 1, 2006 Interested Party Carl Lewis (Doc. 21) and Interested Party Barbara Lewis (Doc. 22) ["Lewises"] filed two responses[8] and two supplemental responses (Docs. 25 & 26) to Sunflower's motion (Doc. 20).  Sunflower has not filed a reply and the time to do so has passed.[9]

On September 1, 2006, Interested Parties Carl (Doc. 23) and Barbara Lewis (Doc. 24) each filed their own Motion for Order for Delivery of a Marshall's Deed.  On September 7, 2006, Sunflower filed its response (Doc. 27) to which Carl (Doc. 29) and Barbara (Doc. 28) Lewis filed timely replies.  The issues are, therefore, fully briefed and ripe for decision.

---

[5] *See* Order granting Motion for Disbursement of Sale Proceeds and Establishing Amount of Deficiency Judgment (Doc. 18), at 3.

[6] *See* K.S.A. § 60-2414(a)(the defendant owner may redeem any property. . . at any time within 12 months from the day of sale . . . ."); *Anspacher & Associates, Inc. v. Leslie*, 5 Kan. App. 2d 348, 350 (1980)("[w]ithout question the statute [K.S.A. § 60-2414] provides that the period of redemption begins to run from the date of the sale.").

[7] No docket number exists, rather this payment is simply listed on the case's docket.

[8] The Lewises filings are substantively identical to each other.

[9] *See* D. Kan. R. 6.1(d)(1) ("Replies [for non-dispositive motions] shall be filed and served within 14 days of the service of the response.")

2

**II.     Discussion.**

In its motion, Sunflower calls the court's attention to K.S.A.§ 60-2414(d) and (f) and argues that the "purported redemption is ineffective" because the Lewises failed to provide proof of their assignment and failed to pay the full amount of the redemption.[10]

**A. The Lewises' proof of assignment was adequate.**

Sunflower argues that Carl and Barbara Lewis "did not file with this court or present to Sunflower Investments, LLC any proof of the assignment or redemption rights of the Defendant Carla J. Kennedy."[11]

However, no part of K.S.A. § 60-2414 directs the redemptioner to file a notice of redemption with the interested party who has purported to purchase the property.  Rather, K.S.A.§ 60-2414(d) provides in part that: "[a]ll expenses incurred by the holder of the certificate or the creditor who has redeemed shall be shown by receipts of vouchers *filed in the office of the clerk* of the district court."[12]

The Lewises complied with K.S.A.§ 60-2414(d).  On May 30, 2006[13] and again on August 11, 2006[14] the Lewises filed a Notice of Redemption with the court.  Further, the court's

---

[10] *See* Motion for Delivery of Marshall's Deed (Doc. 20), at p. 2.

[11]*See* Motion for Delivery of Marshall's Deed (Doc. 20), at p. 2.  *See also* Response to Motion of Carl and Barbara Lewis (Doc. 27), at p. 1.  Sunflower admits that the notice of redemption was filed, but argues that "[h]owever, Sunflower . . .as purchase at foreclosure and holder of the certificate of purchase, was not notified of the assignment of redemption rights."

[12](emphasis added).  *See also* K.S.A. § 60-2414(f) ( providing in part that "[t]he party redeeming shall pay the money into the office of the clerk of the district court for the use of the person entitled to it.  The clerk shall give a receipt of money stating the purpose for which it is paid.  The clerk shall also enter the transaction on the appearance docket of the case, showing the amount paid.").

[13] *See* Notice of Assignment of Redemption Rights (Doc. 12).

[14] *See* Notice of Redemption (Doc. 19).

3

order Establishing the Amount of Deficiency and Disbursement of Sale Proceeds cites the defendant's "Assignment of Redemption Rights" to the Lewises.[15] The court can find no further ground, and Sunflower makes no further argument, to question the effectiveness of the defendant's assignment of her right to redeem to the Lewises. Consequently, the court finds that defendant properly assigned her right of redemption to the Lewises.

### B. The impact of the Lewises' failure to timely pay the full redemption amount.

Having found that the defendant properly assigned her right of redemption to the Lewises, the court must decide whether or not the Lewises properly redeemed.

### 1.     The Lewises failed to accurately calculate the interest amount.

K.S.A. § 60-2414(d) provides that the redemptioner "[u]pon redemption of the property, the holder of the certificate or the creditor who has redeemed shall be entitled to the repayment of all sums thus paid, together with interest at the rate provided for in subsection (e)(1) of K.S.A. 16-204, and amendments thereto." Sunflower contends that the judgment rate of interest prescribed by K.S.A. § 16-204 is 10.25%[16] and concludes that "redemptioners only paid the sum of $33,348.38 when, in fact," they should have paid $33,674.73."[17] The Lewises respond that they "now realize[] that the interest on the sale proceeds may not have been calculated correctly" and have deposited the additional $326.35 to match the discrepancy alleged by Sunflower.[18]

---

[15] *See* (Doc. 18), at p. 2.

[16] *See* Motion for Delivery of Marshall's Deed (Doc. 20), at p. 2.

[17]*Id.*

[18] *See* Response of Carl R. Lewis and Barbara Leis (Doc. 21), at p. 2. The docket notes that the clerk's office received payment of this amount for "interest amount" on August 31, 2006.

4

### 2.     The Court's equitable power to extend the redemption period.

The Lewises contend that "the amount paid was either the correct amount or, at the worst, the amount paid substantially complied with the amount required for the redemption."[19] The Lewises argue that because they made a good faith effort to redeem before the redemption period expired, the court should find either that their redemption was valid or extend the period of redemption based on equitable grounds.[20]

In support, the Lewises cite *First Federal Savings & Loan Association of Kansas City v. McKain*.[21] *McKain* states: "[t]he power of a court to extend the period of redemption upon a showing of equitable grounds and in the exercise of judicial discretion, has long been recognized" in Kansas.[22] Furthermore, "under exceptional circumstances, the court has the power to extend the right of redemption beyond the statutory limit"[23] and "the district court is granted wide discretion to extend the redemption period."[24]

---

[19] *Id.; see also* Motion for Carl and Barbara Lewis for Delivery of Marshall's Deed (Doc. 23), at p. 3.

[20] *See* Response of Carl R. Lewis and Barbara Leis (Doc. 21), at p. 2; Motion for Carl and Barbara Lewis for Delivery of Marshall's Deed (Doc. 23), at p. 3.

[21] 5 Kan. App. 2d 387 (1980)

[22] 5 Kan. App. 2d 387, 389 (1980)(citations omitted).

[23] *Federal Land Bank v. Worchester*, 787 P.2d 741, No. 63,672 1990 Kan. App. LEXIS 100, at * 14 (February 16, 1990).

[24] *Federal Savings and Loan Ins. Corp. v Eldon*, 13 Kan. App. 2d 305, 309 (1989).

### a.   The Lewises made a good faith effort to redeem the property before the expiration of the redemption period.

In Kansas, the decision to extend the redemption period on equitable grounds "turn[s] on whether the person seeking to redeem has made a good faith effort."[25]

#### 1.   That the Lewises are not the "Defendant Owners" is of no consequence.

Sunflower argues that *McKain* is distinguishable. Sunflower contends that in *McKain*, "the redemptioner was the defendant owner" as opposed to the assigned redemptioners here.[26] That the Lewises are not the defendant owners amounts to a distinction without a difference. As the court has previously discussed, the defendant properly assigned her rights of redemption to the Lewises. Consequently, the Lewises enjoy the same rights of redemption as "the defendant owner" and their status as non-defendant owners is of no consequence.

#### 2.   The *McKain* line of cases is most applicable to the present facts.

Sunflower further seeks to distinguish *McKain* because in *McKain* the redemptioner "paid the redemption amount into court based upon the oral representations of the purchaser at foreclosure."[27] Sunflower concludes that "the holding in [McKain] extending the period of redemption was done so on equitable grounds based upon the conduct of the purchaser at

---

[25] *Federal Land Bank of Wichita v. Mills*, 779 P.2d 468, No. 62-669, 1989 Kan. App. LEXIS 608, at * 6-7 (September 1, 1989). *See also McKain*, 5 Kan. App. 2d at 389; *Loomis v. Nat'l Supply Co.*, 99 Kan. 279 (1916) (finding that the good faith effort on the part of the redemptioner important); *Advance-Rumely Thresher Co. v. Judd*, 104 Kan. 757 (1919) (noting when the redemptioner attempts in good faith "to do whatever the law require[s] to effect a valid redemption, notwithstanding the highest degree of diligence was not shown, a court of equity in the interest of justice might give relief against so severe a penalty as the forfeiture of all interest in the property").

[26] Response (Doc. 27), at p. 2.

[27] Response (Doc. 27), at p. 2.

foreclosure sale."[28] Conversely, Sunflower notes, Sunflower acted as an innocent party and did not lead the Lewises astray "in their legally ineffective attempt to redeem the property."[29]

In support, Sunflower asserts that a Kansas Court of Appeals case, *Anspacher & Associates, Inc., v. Leslie*[30] held that "where the record is clear that the purchaser at foreclosure did not perform any acts that prejudiced the judgment debtor or the assignee of the redemption rights, then the period of redemption may not be extended on equitable grounds."[31]  The *Leslie* court noted that while "the period of redemption may be extended by a court decree in an equitable action," the court did not believe the record "reflect[ed] the necessary equities to justify the extension of the redemption period . . ."[32] The court did not explain the full range of those "necessary equities."

Two lines of cases[33], both of which appear to make separate inquiries, address extending the redemption period.  First, in cases like *McKain*, courts ask whether the redemptioner made a good faith attempt to redeem the property before the expiration of the redemption period.[34]

---

[28] *Id.*

[29] *Id.* at p. 3.

[30] 5 Kan. App. 2d 348 (1980).

[31] Response (Doc. 27), at p. 2.

[32] *Leslie*, 5 Kan. App. 2d at 350.

[33] However, these two lines of cases do not appear mutually exclusive. *See Kearns v. Kearns*, 787 P.2d 742, No. 63,101, 1990 Kan. App. LEXIS 123 at *6 (February 23, 1990)(citing *Leslie* and finding that the trial court "did have the jurisdiction to equitably extend the period of redemption" but justifiably declined to do so because the "defendant made no arrangements to redeem during the original 12-moth period to warrant an extension"); *Federal Land Bank v. Worchester*, 787 P.2d 741, No. 63,672 1990 Kan. App. LEXIS 100, at * 14 (February 16, 1990)(citing both *McKain* and *Leslie* for the proposition that "under exceptional circumstances, the court has the power to extend the right of redemption beyond the statutory limit.").

[34] *See McKain*, 5 Kan. App. 2d 387 (1980); *Advance-Rumely Thresher Co. v. Judd*, 104 Kan. 757 (1919) (upholding the trial court's extension of the redemption period when the timely payment was deficient by $8.46; *Loomis v. Nat' Supply Co.*, 99 Kan. 279 (1916)(extending the period of redemption when the redemptioner

Secondly, when the redemptioner has failed to make a good faith attempt to redeem the property *before* the redemption period expired, cases like *Leslie* ask whether the purchaser induced the redemptioner's failure, and is estopped from protesting the redemption period's extension.[35]  In *McKain,* where the redemptioner made a good faith effort before the period's expiration, the court distinguished itself from cases where "the redemptioner paid *nothing* before the statutory time expired, and the Court[s] held that [they] could not extend under those circumstances. . . . The difference was that in each of those cases [where extension was approved] there *was a good faith effort to redeem before the period expired*."[36]

This court is inclined to follow *McKain* as it most closely mirrors the present facts.  In *McKain*, the court determined the good faith of the redemptioner by considering the difference between the accurate redemption amount and what the redemptioner actually paid and the time period in which the redemption was fully paid.[37]  In *McKain*, the difference between the actual redemption amount and the amount actually paid was only $300, and the redemptioner paid that difference two months after the redemption period's expiration.[38]

---

mistakenly calculated the interest rate).

[35] *See Leslie*, 5 Kan. App. 2d at 350 (declining to extend the redemption period when no money was paid before the redemption period ended and because the purchaser had not induced this failure); *Meyer v. Hurst*, 109 Kan. 730 (1921) (declining to extend the redemption period when the redemptioner paid nothing and put forth no effort to redeem the property before expiration of the redemption period); *Piatt v. Flaherty*, 96 Kan. 42, 44 (1915)("a party by his conduct might estop himself from objecting to a reasonable extension of time in which to redeem").

[36] 5 Kan. App. 2d. at 391 (emphasis added).  *See also Alliance Mortgage Co. v. Pastine*, 33 Kan. App. 2d 442, 454 (2005) *aff'd in part and rev'd in part*, *Alliance Mortgage Co. v. Pastine*, 2006 Kan. LEXIS 370 (June 16, 2006) (distinguishing cases where "the redemptioner paid nothing before the statutory time period" compared to *McKain* and *Loomis* where "an effort to redeem was made before the period expired")

[37] *Id.*

[38] *Id.*

8

Here, like *McKain*'s $300 discrepancy, the Lewises failed to meet the full redemption price by only $326.35. Further, because the Lewises had three months to redeem from the time of the sale[39] and the sale date was May 19, 2006[40], the Lewises redemption period lasted until August 19, 2006. The Lewises paid $33,348.30 on August 8, 2006[41] and paid the remaining difference of $326.35 on August 31, 2006. Thus, the remaining difference of only $326.35 was paid less than two weeks, rather than the two months allowed in *McKain*, after the end of the redemption time period. The court finds that the Lewises payment of $33,348.30 constituted a good faith effort on the part of the Lewises to redeem the property before the redemption period's expiration.

## III.  Conclusion.

Having found the Lewises acted in good faith, it is within the court's equitable powers to extend the period of redemption. That the Lewises paid the relatively small shortage less than two weeks after the redemption period ended coupled with the fact that the Lewises miscalculated the interest amount through inadvertent mistake, persuades the court to use its discretionary equitable powers to extend the redemption period. Accordingly,

IT IS THEREFORE ORDERED that Sunflower's Motion for Delivery of Marshall's Deed and Memorandum in Support (Doc. 20) is denied.

IT IS FURTHER ORDERED that Carl (Doc. 23) and Barbara Lewis (Doc. 24) Motions for Order for Delivery of a Marshall's Deed are granted in part and denied in part.

---

[39] *See* Order Confirming Marshal's Sale of Real Estate (Doc. 15), at p. 2.

[40] *Id.*

[41] *See* docket.

IT IS FURTHER ORDERED that the redemption period in the present case be extended to up to and including August 31, 2006.  Thus, the court finds that the Lewises redemption is legally effective.  Accordingly, the court directs that the Marshall's Deed to the real property, which is the subject matter of this action, be delivered to Carl R. Lewis and Barbara A. Lewis.

IT IS SO ORDERED

On this <u>25th</u> day of October, 2006, in Topeka, Kansas.

 s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
